LaVonne JINKS–UMSTEAD, Appellant

v.

Donald C. WINTER, Secretary
of the Navy, Appellee.

Nos. 06–5089, 06–5206.

United States Court of Appeals,
District of Columbia Circuit.

May 2, 2008.

Rehearing En Banc Denied July 18, 2008.

John F. Karl, Jr., Karl & Tarone, Washington, DC, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Darrell C. Valdez, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: ROGERS, GARLAND, and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs. *See* FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed.

In 1999, LaVonne Jinks–Umstead filed an employment-discrimination suit against the Navy. During discovery, the Navy claimed that it no longer had certain documents that Jinks–Umstead had requested. During the fourth day of trial, however, the Navy produced these documents. The district court instructed the jury to draw an adverse inference from the Navy's error, and when the jury returned a verdict for the Navy the district court ordered a new trial so that Jinks–Umstead could put on her case with all the evidence. At the second trial, the jury again returned a verdict for the Navy. Jinks–Umstead appealed, and we reject her challenges.

Jinks–Umstead contends that ordering a new trial was an insufficient sanction for the Navy's error. She claims that the district court should have entered judgment against the Navy or, alternatively, awarded her the attorney's fees incurred as a result of the Navy's error. Jinks–Umstead argues that the district court had authority to impose those sanctions pursuant to Federal Rules of Civil Procedure 26(g) and 37(c) and also pursuant to the court's inherent powers. We review for abuse of discretion the district court's sanctions decision. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir.1997) (citing Rule 26(g)); *SEC v. Happ*, 392 F.3d 12, 33 (1st Cir.2004) (citing Rule 37(c)); *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1475 (D.C.Cir.1995) (citing the court's inherent powers). We conclude that the district court acted within its discretion. As the district court found, the Navy's error did not merit the sanctions that Jinks–Umstead requested because the error was not committed in bad faith. And as the district court also concluded, vacating the first jury's verdict and ordering a new trial was an adequate sanction.

Jinks–Umstead also objects to several discovery and evidentiary rulings by the district court. These challenges are meritless because the disputed rulings were, at worst, harmless error. The Navy presented ample admissible evidence at the second trial to prove its case, and the outcome of that trial cannot reasonably be questioned. Accordingly, none of the rulings challenged by Jinks–Umstead is "inconsis-

tent with substantial justice" and grounds for setting aside the second jury verdict. *See* FED.R.CIV.P. 61.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.